**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| MELISSA COLLINS<br><br>              Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK A/S,<br>NOVO NORDISK INC.,<br><br>              Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Melissa A Collins                                                                        .

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A                                                                        ,
as                                              of the estate of                                          , deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A                                                                        .

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services:  N / A                                                                        .

**Defendant(s)**

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

        ✓       Novo Nordisk Inc.

        ✓       Novo Nordisk A/S

              Eli Lilly and Company

              Lilly USA, LLC

              other(s) (identify):

2

## JURISDICTION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Toledo, Ohio

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Ohio

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Ohio

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Toledo, Ohio

10.     Jurisdiction is based on:

        ✓      diversity of citizenship pursuant to 28 U.S.C. § 1332

        _____      other (plead in sufficient detail as required by applicable rules):

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

USDC Northern District of Ohio

12.    Venue is proper in the District Court identified in Paragraph 11 because:

    ✓     a substantial part of the events and omissions giving rise to

Plaintiff(s)' claims occurred there;

         other (plead in sufficient detail as required by applicable rules):

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

4

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    ✓     Ozempic (semaglutide)

         Wegovy (semaglutide)

         Rybelsus (oral semaglutide)

         Saxenda (liraglutide)

         Trulicity (dulaglutide)

         Mounjaro (tirzepatide)

         Zepbound (tirzepatide)

         other(s) (identify):

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic, 06/2020 - 04/2024

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

　　　✓　　　Gastroparesis

　　　　　　Other gastro-intestinal injuries (specify):

_____

　　　　　　Ileus

　　　　　　Ischemic Bowel/Ischemic Colitis

　　　　　　Intestinal Obstruction

　　　　　　Necrotizing Pancreatitis

　　　　　　Gallbladder Injury (specify)

　　　　　　Micronutrient Deficiency

　　　　　　Wernicke's encephalopathy

　　　　　　Aspiration

　　　　　　Death

　　　　　　Additional/Other(s) (specify):

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

April 2024

6

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

✓    Injury to self

_____  Injury to person represented

✓    Economic loss

_____  Wrongful death

_____  Survivorship

_____  Loss of services

_____  Loss of consortium

_____  other(s) (specify):

**CAUSES OF ACTION**

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

| | | |
|---|---|---|
| _____ | Court I: | Failure to Warn – Negligence |
| _____ | Count II: | Failure to Warn – Strict Liability |
| _____ | Count III: | Breach of Express Warranty/Failure to Conform to Representations |
| _____ | Count IV: | Breach of Implied Warranty |
| _____ | Count V: | Fraudulent Concealment/Fraud by Omission |
| _____ | Count VI: | Fraudulent/Intentional Misrepresentation |
| _____ | Count VII: | Negligent Misrepresentation/Marketing |
| _____ | Count VIII: | Strict Product Liability Misrepresentation/Marketing |
| _____ | Count IX: | Innocent Misrepresentation/Marketing |
| _____ | Count X: | Unfair Trade Practices/Consumer Protection (see below) |
| _____ | Count XI: | Negligence |
| _____ | Count XII: | Negligent Undertaking |
| ✓ | Count XIII: | State Product Liability Act (see below) |
| _____ | Count XIV: | Wrongful Death |
| _____ | Count XV: | Loss of Consortium |
| _____ | Count XVI: | Survival Action |
| _____ | Other(s) | (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules): |

20.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

      a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

      N/A

      b.  Identify the factual allegations supporting those claims (by subsection, if applicable):

      N/A

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of

any jurisdiction as identified in Count XIII above:*

      a.  Indicate the specific statute (including subsections) under which Plaintiff(s)

          is/are bringing such claims:

          Ohio Product Liability Act (Ohio Rev. Code §2307.72 (A) & (B)) §§2307.75
          2307.80. Product Defective in design or formulation, Inadequate Warning or
          Instruction/Post Warnings or Instructions and Failure to Conform to a Representation
          by manufacturer. ("OPLA Claims")

      b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

          failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

          § 2307.71(B) of Ohio Product Liability Act states that Sections 2307.71 to 2307.80 of
          the Revised Code are intended to abrogate all common law product liability claims or
          causes of action. If it is later determined that certain claims of the Master Complaint
          are not abrogated/subsumed within Plaintiff's OPLA Claims, Plaintiff reserves the
          right to amend her Short Form Complaint to indicate/assert, separately, any such legal
          theories referenced in Paragraph 19 of the Short Form Complaint. At this time, the
          following legal theories in Paragraph 19 appear to be abrogated and/or subsumed
          within Plaintiff's OPLA Claim except for common law claims seeking purely
          economic damages.

          Failure to Warn – Negligence and Strict Liability; Breach of Express
          Warranty/Failure to Conform to Representations; Breach of Implied Warranty;
          Fraudulent Concealment/Fraud by Omission; Fraudulent/Intentional
          Misrepresentation; Negligent Misrepresentation/Marketing; Strict Liability
          Misrepresentation/Marketing; Innocent Misrepresentation/Marketing; Negligence;
          and Negligent Undertaking.

      c.  Identify the factual allegations supporting those claims:

          See Attachment I

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate

pre-suit notice to Defendant(s)?     N/A          . If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:        03/20/2026

By: /s/ John E. Tomlinson

John E. Tomlinson

(TOM014) DeGaris

Law LLC

2 North 20th Street, Suite 1030

Birmingham, AL 35203

Phone: 205-575-8000

jtomlinson@degarislaww.com

## ATTACHMENT I

Plaintiff incorporates fully herein by reference all factual allegations in the Master Complaint in support of her claims under the Ohio Product Liability Act (Ohio Rev. Code §2307.72 (A) & (B)) §2307.75 – 2307.80 ("OPLA Claims").

Plaintiff also incorporates fully herein by reference the following paragraphs of the Master Complaint in support of her OPLA Claims: ¶¶ 606-640 (Count I -Failure to Warn – Negligence); ¶¶641-674 (Count II-Strict Liability-Failure to warn); ¶¶675-698 (Count III-Breach of Express Warranty/Failure to conform to representations); ¶¶699-720 (Count IV-Breach of Implied Warranty). ¶¶ 721-779 (Count V-Fraudulent Concealment/Fraud by Omission); ¶¶780 – 800 (Count VI-Fraudulent/Intentional Misrepresentation); 801 – 824 (VII -Negligent Misrepresentation/Marketing); paragraphs 825 – ¶¶ 848 (VIII -Strict product Liability Misrepresentation/Marketing); ¶849 (Count IX-Innocent Misrepresentation/Marketing); ¶¶866-880 (Count XI -Negligence); ¶¶881-903 (Count XII -Negligent Undertaking); and ¶¶ 904-911 (Count XIII -State Product Liability Acts);

1. On or around June 4, 2020, Plaintiff consulted with Dr. Robert Moore, in Toledo, Ohio to discuss options for diabetes management.

2. As a result of her appointment, Dr. Robert Moore prescribed Ozempic for Plaintiff and she used Ozempic for the purposes and in a manner normally intended from that time until approximately April of 2024 when it was discontinued.

3. On or around April 24, 2024, Plaintiff was diagnosed with Gastroparesis.

4. Plaintiff brings this product liability claim under the Act and relevant subsections, identified in Paragraph 21(a) of the Short Form Complaint (OPLA).

5. Plaintiff brings this claim against the Defendants identified in Paragraph 5 of the Short Form Complaint ("Defendants")

13

6. At all times material hereto, Defendants were the manufacturers, suppliers, advertisers and/or sellers of the product Ozempic, and subject to liability under the OPLA.

7. At all times material hereto, Defendants manufactured, designed, formulated, researched, produced, constructed, created, assembled, rebuilt, sold, distributed, packaged, labeled, marketed, and promoted, the actual product, Ozempic, that caused Plaintiff harm/ Gastroparesis and for which she seeks to recover compensatory damages.

8. At all times material hereto, Defendants' product Ozempic, was defective in design or formulation, because at the time it left control of Defendants, the foreseeable risks associated with its design or formulation exceeded the benefits associated with its design or formulation.

9. The risks associated with the use of Defendants' product Ozempic, including Gastroparesis, were foreseeable to Defendants and were associated with the product Ozempic's intended use.

10. The risks associated with the use of Defendants' product Ozempic, including Gastroparesis, were recognizable or should have been recognizable to Defendants while exercising the attention, perception, memory, knowledge, and intelligence that a reasonable manufacturer should possess as well as the superior attention, perception, memory, knowledge, or intelligence that Defendants did possess.

11. Defendants knew or should have known of the substantial nature and magnitude of Ozempic's risks of harm, including Gastroparesis, to Plaintiff.

12. Defendants knew or should have known of the unlikely awareness of Plaintiff of those risks of harm, including Gastroparesis.

13. Defendants knew or should have known the substantial likelihood that their design or formulation of Ozempic would cause harm, including Gastroparesis, in light of its intended and reasonably foreseeable uses.

14. Defendants knew or should have known the design or formulation of their product, Ozempic, was more dangerous than a reasonably prudent

14

consumer, including Plaintiff, would expect when used in its intended or reasonably foreseeable manner, particularly in light of Defendants' inadequate warnings and instructions as set forth below.

15. At all times material hereto, Defendants' product, Ozempic, was defective due to inadequate warnings or instructions at the time of marketing, because when it left the control of Defendants:

(a)    Defendants knew or, in the exercise of reasonable care, should have known about the increased risks of harm associated with their product Ozempic, including Gastroparesis, for which the Plaintiff seeks to recover compensatory damages; and

(b)    Defendants failed to provide warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the increased risks of harm associated with their product, Ozempic, in light of the likelihood that Ozempic would cause the harm, including Gastroparesis, for which the Plaintiff seeks to recover compensatory damages and in light of the seriousness of that harm.

16. At all times material hereto, Defendants' product was defective due to inadequate post-marketing warning or instruction because, at a relevant time after it left the control of Defendants:

(a)    Defendants knew or, in the exercise of reasonable care, should have known about the increased risks of harm associated with their product Ozempic, including Gastroparesis, for which the Plaintiff seeks to recover compensatory damages; and

(b)    Defendants failed to provide warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the increased risks of harm associated with their product, Ozempic, in light of the likelihood that Ozempic would cause the harm, including Gastroparesis, for which the Plaintiff seeks to recover compensatory damages and in light of the seriousness of that harm.

17. At all times material hereto, Defendants product, Ozempic, was defective because it did not conform, when it left the control of Defendants, to representations made by Defendants to Plaintiff and her prescribing physician regarding Ozempic's character, quality, or safety,

15

including but not limited to, representations on the medication labels regarding the risks associated with Ozempic.

18. Specifically, Defendants misled consumers, including Plaintiff, by understating, through their medication labels, the risks from using Ozempic, and downplaying those risks through its marketing and medication labels.

19. Plaintiff justifiably and/or reasonably relied on Defendants' misrepresentations and omissions and used Ozempic.

20. At all times material hereto, Defendants' misconduct manifested a flagrant disregard of the safety of persons, including Plaintiff, who might be harmed by the product Ozempic.

21. As a direct and proximate result of one or more of the foregoing acts and omissions, Plaintiff was caused to suffer serious and dangerous injuries, including Gastroparesis, which resulted in other severe and personal injuries which are persistent, if not permanent and lasting in nature, including physical pain, mental anguish, diminished enjoyment of life, as well as the need for future medical treatment including testing and/or medications (both now and in the future) and fear of developing any of the above-named health consequences.

22. As a direct and proximate result of one or more of the foregoing acts and omissions, Plaintiff also suffered consequent economic and other losses, including pain and suffering, loss of normal life, medical expenses, lost income and disability, and punitive damages.